### NELSON STRONG *vs.* BUSHROD BUCK & others.

A promissory note, signed by A. as principal, and by B. and C. as sureties, was made payable to the order of M. and placed in his hands for a special purpose, which was not effected: M. afterwards, with the consent of A., but without the consent or knowledge of B. and C., indorsed the note to an officer, as security for property, attached by him as the property of a corporation of which M. was the treasurer and agent. *Held,* in a suit on the note, brought by the officer against A., B. and C., that M. was a competent witness for the defendants.

ASSUMPSIT by the indorsee of a joint and several promissory note for $1560, signed by Bushrod Buck, as principal, and Asahel Buck, jr. and Seymour Wilcox, as sureties, dated December 5th 1842, and payable, on the 1st of August 1843, to the order of Henry Marsh. Trial before *Shaw,* C. J. whose report thereof was as follows:

The defence was, that the note was not given to Marsh for any valuable consideration, but that it was entrusted to him

for a special purpose, to wit, to be applied in satisfaction of an outstanding judgment, for a large amount, against Bushrod Buck, Asahel Buck, jr. and one Jordan, either by delivering the note to the judgment creditors, in part satisfaction of the judgment, or by raising money upon it, and applying the money in like manner; a valuable equity of redemption of said Bushrod Buck having been attached on the writ upon which said judgment was rendered.

The defence further was, that the said Marsh could not succeed in thus applying the note, and that he afterwards, with the consent of the said Bushrod Buck, but without the consent or knowledge of the said Asahel Buck, jr. and Seymour Wilcox, indorsed and passed the note to the plaintiff, then a deputy sheriff, as security for $1000, for property attached by the plaintiff as the property of the Ashuelot Manufacturing Company, of which the said Marsh was a principal stockholder, and also the treasurer and managing agent.

The defendants offered the deposition of said Marsh. The plaintiff objected to him, as interested, and relied, in support of the objection, on the facts above stated, indicating the relation in which said Marsh stood to the parties. The objection was overruled, the deposition was admitted and read, and a verdict returned for the defendants, which is to be set aside, and a new trial granted, if the court are of opinion that the deponent was an incompetent witness.

*Kellogg*, for the plaintiff.

*Bishop & Byington*, for the defendants.

WILDE, J. Upon the facts reported, we are all of opinion that the deposition of Henry Marsh, who was the indorser of the note in suit, was competent evidence and rightly admitted. The witness stood indifferent; for whichever party might prevail on this suit, the witness would be responsible to the other party for the amount due on the note sued.

It has been argued that if the plaintiff prevails, the witness would be liable for the costs of this suit, and not if the defendants prevail. The same objection to the competency

of a witness was made in the case of *Ilderton* v. *Atkinson,* 7 T. R. 480, and was overruled. And a similar objection was overruled in *Birt* v. *Kershaw,* 2 East, 458. It was held that the witness was competent, as he stood indifferent as to the sum in dispute between the parties; and that his being liable to pay the costs of suit to one party, and not to the other, did not render him incompetent. There are, however, conflicting decisions on this point, (1 Greenl. on Ev. § 391, and *note,*) upon which it is not necessary to express an opinion. For we hold that the witness is not liable to either party for the costs of this action. Bushrod Buck was the principal promisor, and the other two defendants were his sureties; and if the sureties can recover the costs of this suit, it must be against their principal; and he has no right to recover over against the witness, as the witness indorsed the note to the plaintiff with the consent of Buck, the principal.

The defendants are in no sense the sureties of the witness, but he was their surety, being an accommodation indorser for their benefit.

*Judgment on the verdict.*